USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

JAMES MOODHE,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER OF
FORFEITURE/
MONEY JUDGMENT

17 Cr. 491 (VM)

        WHEREAS, on or about August 9, 2017, JAMES MOODHE (the "Defendant"), was charged in a five-count Information, 17 Cr. 491 (VM) (the "Information"), with conspiracy to commit securities fraud and fraud in connection with a tender offer, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Sections 240.10b-5 & 240.10b5-2, and Title 18, United States Code, Section 2 (Count Three); fraud in connection with tender offers, in violation of Title 15, United States Code, Sections 78n(e) & 78ff, Title 17, Code of Federal Regulations, Sections 240.14e-3(a) & 240.14e-3(d), and Title 18, United States Code, Section 2 (Count Four); and false representation in a matter within the jurisdiction of the executive branch of the government of the United States, in violation of Title 18, United States Code, Sections 1001 (Count Five);

        WHEREAS, the Information included a forfeiture allegation as to Counts One through Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Four of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses alleged in Counts One through Four of the Information;

WHEREAS, on or about August 9, 2017, the Defendant pled guilty to Counts One through Five the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Four of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from the Defendant's proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,050,000 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One through Four of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Four of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, Acting United States Attorney, Assistant United States Attorney, Andrea M. Griswold, of counsel, and the Defendant, and his counsel, Larry H. Krantz, Esq. that:

1.  As a result of the offenses charged in Counts One through Four of the Information, to which the Defendant pled guilty, a money judgment in the amount of $2,050,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Four of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, JAMES MOODHE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

9.  The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____          11-20-20
    ANDREA M. GRISWOLD                       DATE
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-1205

JAMES MOODHE

By: _____          _____
    JAMES MOODHE                             DATE

By: _____          11-20-20
    LARRY H. KRANTZ, ESQ.                    DATE
    Attorney for Defendant
    747 Third Avenue 32nd. Floor
    New York, NY 10017

SO ORDERED:

_____               _____
HONORABLE VICTOR MARRERO                     DATE
UNITED STATES DISTRICT JUDGE

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____          _____
    ANDREA M. GRISWOLD                        DATE
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-1205

JAMES MOODHE

By: _____/s/ James Moodhe_____          11/20/2020
    1,JAMES MOODHE                              DATE

By: _____          _____
    1LARRY H. KRANTZ, ESQ.                   DATE
    Attorney for Defendant
    747 Third Avenue 32nd. Floor
    New York, NY 10017

SO ORDERED:

_____/s/ Victor Marrero_____              11/23/2020
Victor Marrero                              DATE
U.S.D.J.